O’Heall, J.,
dissenting. I dissent from this opinion on every ground assumed to give the plaintiff relief. My concurrence in the former opinion iu equity was altogether in the result, not in the principles or reasoning by which my brother Harper established Gist’s right to sell and obtain the benefit of Weavers’ equitable estate in the manner in which he did. The ease of Davis v. Hunt, 2 Bail. 412, was decided correctly. The principle laid down in it, “that only the defendant’s interest in the land, whatever that might be, was sold in the present instance, and if the purchaser bought his own land it was his own folly,” is good law, and it does not cease to be good, when equity is called on to administer it. That principle excludes Gist, as I think, from relief both at law and in equity. The plea in law is, I think, good : the very matter now decided was, as I conceive, adjudged in a contrary way on the former bill. That the judgment at law is conclusive against Hunt, is admitted : it is also admitted that if he was compelled to pay that judgment, he could sue' Gist on his bond of indemnity, give the recovery in evidence, and compel him *by the judgment of a Court of law, to pay the recovery in Davis v. Hunt. If this does not make Gist a privy in law, I confess I ^ do not know what wonld. He stands exactly as Hunt does, and is concluded.